## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 0DC 6886 | **DATE** | 2/14/2002 |
| **CASE TITLE** | Montreece Kindle vs. The City of Harvey, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter memorandum opinion and order. The City of Harvey's partial motion for summary judgment as to Count I is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | FEB 1 5 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 32 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| JD | courtroom deputy's initials | 02 FEB 14 PM 4:43 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONTREECE KINDLE )<br>)<br>) | No. 00 C 6886 |
| Plaintiff, )<br>) | Judge Ronald A. Guzman |
| )<br>v. )<br>)<br>) | **DOCKETED** |
| THE CITY OF HARVEY, HARVEY POLICE )<br>OFFICER C. PATE and 50 EXPRESS, INC., )<br>a/b/a 50 YARD LINE SPORTS BAR & GRILL., )<br>)<br>) | FEB 1 5 2002 |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Montreece Kindle has sued the City of Harvey and officer C. Pate claiming a violation of the United States Constitution under 42 U.S.C. § 1983, as well numerous state law violations. Pending is Defendant City of Harvey's partial motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below this motion is denied.

## BACKGROUND FACTS

In May 2000, Plaintiff was present in a bar known as the 50 Yard Line Sports Bar & Grill in Harvey, Illinois. While in the bar, Plaintiff was confronted by Defendant Pate, who mistakenly believed that Plaintiff had bumped into him while passing him. Defendant Pate was

1

off-duty at the time but carried his police-issued walkie-talkie and wore a bullet-proof vest. Defendant Pate then proceeded to attack Plaintiff striking Plaintiff in the face with his fists. Plaintiff was handcuffed and arrested by Defendant Pate and transported to the hospital and then to the Harvey Police Department. Defendant Pate proceeded to book Plaintiff on charges of battery and resisting a peace officer. The charges against Plaintiff were subsequently dismissed.

Obviously, Defendant Pate's version is much different than Plaintiff's. Defendant Pate claims that at 2:30 a.m. Plaintiff hit [Pate] with his shoulder into his chest. Pate told Plaintiff he had to leave the bar and Plaintiff stated "I'm not going anywhere." Plaintiff then allegedly grabbed Defendant Pate in the chest and started to push him. Defendant Pate then hit Plaintiff one time with his fist on the left side of Plaintiff's face.

## DISCUSSION

Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits and other materials show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party seeking summary judgment carries the initial burden of showing that no such issue of material fact exists. Pursuant to Rule 56(b), when a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue of material fact and that the moving

party is not entitled to judgment as a matter of law. *See Anderson,* 477 U.S. at 250.

In making our determination, we are to draw inferences from the record in a light most favorable to the non-moving party. We are not required to draw every conceivable inference, but only those that are reasonable. *See DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F. 2d 326, 329 (7th Cir. 1987). The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, the party must go beyond the pleadings and support his contentions with proper documentary evidence. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Rule 56 mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's cause of action. *See Celotex,* 477 U.S. at 422.

Plaintiff seeks to hold the City of Harvey liable based upon its alleged failure to adequately train its officers, to discipline its officers and to remedy patterns of abuse by its officers. Municipal liability is governed by a separate standard and municipalities may not assert qualified immunity as a defense to liability. *Owen v. City of Independence,* 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L. Ed 2d 673 (1980). A municipality such as the City of Harvey is considered a "person" for the purposes of § 1983 actions, and can be sued directly for constitutional violations which it has itself caused, pursuant to official municipal policy. *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978). However, a city may not be held liable on a respondeat superior or vicarious liability theory for the independent action of its employees. *Id.* at 691, 98 S. Ct. at 2036. Rather, only where "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly by said to represent official policy inflicts the injury" may a

3

city be subject to liability under § 1983. *Id.* at 694, 98 S. Ct. at 2037-38.

In *City of Canon, Ohio v. Harris,* 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed 2d 412 (1989), the Supreme Court articulated the standard for failure to train claims. The inadequacy of police training may serves as the basis for § 1983 liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 387, 109 S. Ct. 1197. The Court further explained that a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation. Thus, a city's failure to train, supervise or discipline its employees adequately may be considered a custom or policy where such failure amounts to a deliberate indifference to the rights of the city's inhabitants:

> [I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually cause injury.

*City of Canton v. Harris,* 489 U.S. 378, 390, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989).

There are two types of situations in which a court can find deliberate indifference in the failure to train police officers. One is the situation where a city fails to react to repeated complaints of constitutional violations by its officers. *See id* at 390, n. 11, 109 S. Ct. 1197. Plaintiff claims a pattern of violations of excessive force. The second situation occurs when the city fails to provide adequate training in light of foreseeable serious consequences that could result from lack of instruction. In *Harris,* the Court cited lack of instruction on the use of

4

firearms or in the use of deadly force as examples of what could constitute deliberate indifference. *Id.* at 390, 109 S. Ct. 1197. Thus, when the need to train is "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights, liability against municipality under § 1983 is proper. *See Tennessee v. Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985). However, a plaintiff asserting municipal liability based upon an alleged failure to train, supervise or discipline must demonstrate both culpability on the part of the municipality, and a causal link between the municipal action and the deprivation of rights. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997).

Therefore, assuming Plaintiff can establish that Defendant Pate committed a constitutional violation, the case law requires Plaintiff to show three things in order to hold the City of Harvey liable for the officer's transgression. First, Plaintiff must prove that the training given to the City of Harvey's police officers was, in fact, inadequate. Second, Plaintiff must establish culpability by proving that it was the City's conscious decision, when faced with an obvious need, to not provide adequate training. Finally, to establish causation, Plaintiff must prove that the City's failure to provide adequate training and discipline was the "moving force" behind the constitutional violation. *Monell*, 436 U.S. at 694, 98 S. Ct. at 2038.

In the case at bar, the alleged constitutional violations is the use of excessive force by Defendant Pate. The City of Harvey's Use Of Force Policy at 3.81.01 states in part the following:

5

A.

....

> No other area of police work is so sensitive as this or as important to the implementation of the Department's peace keeping mission. In no other area is the exercise of sound judgment by the individual police officer and conformity to Departmental policies and procedures more necessary.
>
> Illinois law, Chapter 38, Article 7, outlines the conditions under which a peace officer may use force, including deadly force, in connection with their duties. It is the policy of this Department, however, to limit this use of deadly force to those situations in which no other reasonable alternative is available.
>
> B. ...
>
> C. <u>General Provisions on Use of Force.</u> As a general rule, use of force will be restricted to that degree of force which is minimally necessary to achieve the intended goal. Any force beyond that which may reasonably be construed as necessary in a particular situation will be considered excessive and in violation of this policy.
>
> ....

Exhibit H ( Defendant's Motion For Summary Judgment).

Plaintiff argues that there is nothing in the non-deadly force policy addressing what is considered excessive force and the provisions of Chapter 38 do not appear to be attached in any manner. The policy, when read in its entirety, focuses primarily on the use of deadly force and simply touches upon from a policy perspective, how force should be used. The policy does not in any way address the types of holds and restraints which may be used by officers and under what circumstances they should be used.

Plaintiff also points out that in the five years preceding Plaintiff's alleged brutality at issue here, virtually no citizen complaints alleging excessive force were sustained. Further, the

6

records produced by Defendant fail to account for any independent eyewitness testimony and many of the injuries and medical records call into question the reasonableness of the officer's version of what did in fact happen. Taking all these facts in a light most favorable to the Plaintiff sufficiently raises an issue of material fact as to the City of Harvey's indifference to use of excessive force on its citizens.

Plaintiff argues that the City of Harvey failed to exercise reasonable care in investigating and disciplining claims of police brutality in order to supervise its officers in the proper use of force. A plaintiff relying on a failure to investigate theory must still meet the deliberate indifference standard adopted by the Supreme Court in *City of Canton v. Harris,* 489 U.S. 378, 390, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989). It is indeed a high threshold which the courts have set for Plaintiff to overcome. Even where significant evidence has been presented indicating flawed investigatory procedures courts still reject the failure to investigate theory where plaintiffs cannot demonstrate "tacit authorization by city policymakers." *Harris,* 489 U.S. at 397, 109 S. Ct. at 1209.

Plaintiff has sufficiently alleged a material question of fact as to the City's action, or inactions in this case, which could constitute a deliberate indifference to the rights of citizens. One District Court faced with the same or a similar factual record as to the City of Harvey's procedure for investigating excessive force complaints concluded "that the record reveal[s] that the decision of whether to investigate excessive force complaints are often unreviewed and undocumented, and no written guidelines exist for handling such complaints." *Robinson v. City of Harvey, et al,* 2001 WL 138901 (Judge Lefkow, N.D. Ill. Feb. 16, 2001) at *7. In addition, Plaintiff's evidence consists of approximately thirty-five City of Harvey files where private

7

citizens filed excessive force complaints and no corrective action was ever taken on any of them. No formal hearings were ever held on these complaints nor is there evidence of any type of independent investigation on the part of the City of Harvey. Some of the complaints lodged against the Harvey police officers involve similar types of brutality, and no evidence of notes being put in officer's personnel files is present. Lie detector tests were never administered to officers even though the City of Harvey policy provides for such in investigative situations. There are no written guidelines for determining whether a complaint is handled by a patrol sergeant or whether the complaint is passed on to Internal Affairs, and it is entirely up to some patrol sergeants to screen out excessive force complaints which are determined to have insufficient merit to refer to Internal Affairs. These decisions appear to be unreviewed. Finally, the injuries to a number of victims appear to be inconsistent with the officer's versions of how the injuries occurred. For example, one complainant alleged that he was struck in the head by an officer's gun after a traffic stop. The officer responded to the complaint indicated that the claimant hit his "head on the interior of the vehicle upon being removed." Medical records corroborate a contusion and small open wound. In another case a teenager was struck in the chest by the officer's fist and three witnesses signed statements verifying this is what happened. There was no finding of excessive force nor was the officer disciplined. In another case, an eight and a half month pregnant woman was thrown to the ground and the officer's response was essentially that claimant threw herself to the ground. A paramedic and obstetrician subsequently treated the claimant. In yet another case the claimant was struck in the head while handcuffed, struck in the jaw with a closed fist, choked and slammed into a wall and was denied medical attention. Obviously, there are numerous other investigative files raising questions regarding the force used

on the claimants and some of these files raise issues of fact as to the City of Harvey's deliberate indifference to these victims complaints. To be sure, negligence is not enough to hold the City of Harvey liable under section 1983 for but purposes of surviving summary judgment Plaintiff has effectively raised genuine issues of material fact as to the second factor of culpability. The third and final factor is that the failure to train and/or investigate be the "closely related to" or the "moving force" behind the constitutional violations. We find that the above cited evidence raises sufficient facts as to this final element. The independence and objectivity as well as the thoroughness of these investigations has certainly been called into question. Thus, the test set forth in *Harris* has been satisfied and Plaintiff has sufficiently raised material issues of fact as to whether City of Harvey's lack of formal training and indifference to citizen complaints is the moving force behind the constitutional violation.

## CONCLUSION

For the reasons set forth above the City of Harvey's partial motion for summary judgment as to Count I is denied.

SO ORDERED.   ENTERED: 2/14/02

Judge Ronald A. Guzman
United States Judge

9